UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAVIS LEVAR GRAY,

    Petitioner,

v.                                                                                     CASE NO. 6:16-cv-1167-Orl-31GJK
                                                                                      (6:06-cr-165-Orl-31GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause is before the Court on a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Pavis Levar Gray (Doc. 1) and supporting memorandum of law (Doc. 11). The Government filed a response to the § 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. (Doc. 12). Petitioner filed a reply to the response (Doc. 14).

Petitioner alleges one claim for relief in his § 2255 motion, that he no longer qualifies as an Armed Career Criminal in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act's definition of "violent felony" is unconstitutionally vague).[1] For the following reasons, the Court

---

[1] The Supreme Court held in in *Welch v. United States,* 136 S. Ct. 1257 (2016), that *Johnson* is retroactive to cases on collateral review.

concludes that Petitioner is not entitled to relief.

## I. PROCEDURAL HISTORY

Petitioner was charged by indictment with conspiracy to possess with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B)(iii) and 846 (Count One), aiding and abetting in the knowing possession within intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count Two), possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) (Count Four),[2] and knowingly possessing with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count Five) (Criminal Case 6:06-cr-165-Orl-31DAB, Doc. 1).[3] Petitioner entered a guilty plea to the counts as charged (Criminal Case, Doc. 54), and the Magistrate Judge entered a report and recommendation, recommending the Court accept the guilty plea (Criminal Case, Doc. 57). The Court accepted the plea and adjudicated Petitioner guilty (Criminal Case, Doc. 61). Petitioner was sentenced under the Armed Career Criminal Act ("ACCA") to concurrent 188-month terms of imprisonment for each count, to be followed by 48-month terms of supervised release (Criminal Case, Doc. Nos.

---

[2] Petitioner's co-defendant was charged with possession of a firearm by a convicted felon in Count Three.

[3] Hereinafter Criminal Case 6:06-cr-165-Orl-31DAB will be referred to as "Criminal Case."

69 and 72). Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed *per curiam* (Criminal Case, Doc. 86).

## II. LEGAL STANDARD

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence

28 U.S.C. § 2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* To obtain this relief on collateral review, however, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

## III. ANALYSIS

Petitioner alleges that he is entitled to resentencing pursuant to *Johnson*, 135 S. Ct. at 2551, because he no longer has the requisite predicate convictions under the ACCA (Doc. 11 at 4). Petitioner contends that the only qualifying conviction that he has under the ACCA is a conviction for sale of cocaine. *Id.* Petitioner asserts that his prior

3

convictions for battery, battery on a detention staff member, fleeing and eluding, and resisting arrest with violence do not qualify as violent felonies. *Id.* Finally, Petitioner states that his conviction for possession of cocaine with intent to sell was not relied on at sentencing because the parties were under the mistaken belief that the conviction was for possession of cannabis with intent to sell. *Id.* The Government argues that Petitioner's claim is procedurally defaulted because it could have been raised on direct appeal (Doc. 12 at 3-5). Alternatively, the Government contends that Petitioner is not entitled to relief on the merits of his claims. *Id.* at 6-17.

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). However, a defendant can avoid this procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055.

Petitioner did not raise his claim of error on direct appeal. Petitioner contends that he could not raise this claim on direct appeal because the claim was not reasonably available to him (Doc. 15 at 2-4). Petitioner asserts that this is evident because the Supreme Court overruled well-settled precedent in *Johnson* and later gave that case

4

retroactive application in *Welch. Id.*

The Southern District of Florida has held that "[b]y definition a claim based on [a] new rule cannot be said to have been reasonably available to counsel at the time of the direct appeal." *Fernandez v. United States*, No. 13-20230-CR, 2017 WL 3034610, at *5 (S.D. Fla. May 23, 2017), *report and recommendation adopted*, No. 13-20230-CR, 2017 WL 3037372 (S.D. Fla. July 17, 2017) (citing *Reed v. Ross*, 468 U.S. 1, 17 (1984)). The *Fernandez* court reviewed the petitioner's *Johnson* claim on the merits. *Id.* Consistent with *Fernandez*, the Court concludes that Petitioner's claim is not procedurally defaulted. Consequently, the Court will address the merits of the *Johnson* claim.

Section 924(e) requires the Court to impose a 15-year minimum mandatory sentence for any convicted felon who possesses a firearm or ammunition after having been convicted of three violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The term violent felony is defined as any crime punishable by imprisonment for a term exceeding one year and (1) has an element of the use, attempted use, or threatened use of physical force against another person, or (2) is burglary, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B). The term serious drug offense is defined as an offense under the Controlled Substances Act or an offense under state law involving manufacturing, distributing, or possessing with intent to manufacture or district, a controlled substance for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(2)(A).

The presentence investigation report ("PSR") does not list the prior convictions used to impose an ACCA sentence (PSR, ¶43). The following prior felonies are listed in the Criminal History section of the PSR: (1) a 2001 conviction for resisting arrest with violence (PSR, ¶ 49; Criminal Case, Doc. 71, Gov't Ex. 1);[4] (2) three 2001 convictions for battery on a detention facility staff member (PSR, ¶¶ 50, 52-53; Criminal Case, Doc. 71, Gov't Ex. 3-5); (3) a 2003 conviction for battery (PSR, ¶ 51; Doc. 11-3, Pet. Ex. 3); (4) a 2003 conviction for aggravated fleeing and eluding (PSR, ¶ 54; Doc. 11-6, Pet. Ex. 6);[5] (5) a 2007 conviction for possession of cannabis [sic] with intent to sell (PSR, ¶ 56, Doc. 11-7, Pet. Ex. 7);[6] (6) a 2007 conviction for sale of cocaine (PSR, ¶ 59; Doc. 11-9, Pet. Ex. 8); and (7) 2007 convictions for fleeing and eluding (PSR, ¶¶ 60-61; Doc. 11-9, Pet. Ex. 9).

During the sentencing proceeding, the parties did not object to the Criminal

---

[4] Although the PSR lists the offense as resisting arrest without violence, the conviction was corrected at sentencing to reflect that the conviction was for resisting arrest with violence (Doc. 12-2, Gov. Ex. 2 at 6).

[5] Petitioner notes that the documents from this case reflect that he was actually sentenced for fleeing and eluding rather than aggravated fleeing and eluding (Doc. 11-1 at 2; Pet. Ex. 1). While the attached judgment of conviction lists the conviction as aggravated fleeing and eluding, the information and judgment cite to section 316.1935(2), Florida Statutes, which is fleeing and eluding and constitutes a third degree felony (Doc. 11-6). Even if Petitioner had been convicted of aggravated fleeing and eluding, this conviction does not qualify as a violent felony under the ACCA. *See United States v. Petrucelli*, 636 F. App'x 494 (11th Cir. 2016).

[6] There is a scrivener's error in the PSR with respect to this conviction. The state court information and judgment reflect that this conviction is for possession of cocaine with intent to sell (Doc. 11-7, Pet. Ex. 7).

History points nor did they discuss what convictions were being used for ACCA purposes (Doc. 12-2, Gov't Ex. 2, at 4-6). The Court noted that the PSR listed six prior convictions that were used to apply the career offender guideline. *Id.* at 5. The Government introduced certified copies of five prior convictions; however, the Government did not include copies of the 2007 convictions for possession of cocaine with intent to sell or sale of cocaine. *Id.* at 7-8. The Court applied the 15-year minimum mandatory pursuant to the ACCA when pronouncing Petitioner's sentence. *Id.* at 23-25.

Petitioner's convictions for battery and fleeing and eluding do not qualify as predicate convictions because they are not crimes of violence. *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (noting that simple felony battery under section 784.03, Florida Statutes, is a not a violent felony under the ACCA because it can be proven in multiple ways including only the slightest unwanted physical touch); *United States v. Adams*, 815 F.3d 1291, 1292-93 (11th Cir. 2016) (holding that fleeing and eluding charged in section 316.1935(1) and (2) do not have as an element the use, attempted use, or threatened use of physical force). However, Petitioner's conviction for resisting arrest with violence (PSR, ¶ 49) qualifies as a predicate offense. *See Rhodes v. United States*, No. 16-17202, 2017 WL 5952933, at * 2 (11th Cir. June 5, 2017) (noting that a conviction for resisting arrest with violence "continues to qualify as a predicate offense" under the elements clause) (citing *United States v. Hill*, 799 F.3d 1318, 1322-23 (11th Cir. 2015)). And, Petitioner does not dispute that his conviction for sale of cocaine (PSR, ¶ 59) also qualifies as a serious drug offense under the ACCA. *See United States v. Telusme*, 655 F. App'x 743, 745-46 (11th

7

Cir. 2016).

Therefore, since Petitioner has these two predicate convictions, the issue becomes whether the prior conviction for possession of cocaine with intent to sell (PSR, ¶ 56) satisfies the third predicate conviction. As noted *supra*, paragraph 56 of the PSR erroneously lists the conviction as possession of cannabis with intent to sell. Possession of cannabis would not be a qualifying offense but possession of cocaine with intent to sell qualifies as a serious drug offense for purposes of the ACCA. *See United States v. Hale*, 705 F. App'x 876, 879-80 (11th Cir. 2017). Petitioner contends, however, that the Government waived reliance on this conviction, and as a result, the Court is prohibited from now using it as a qualifying conviction. Petitioner cites to *United States v. Canty*, 570 F.3d 1251, 1253 (11th Cir. 2009), and its progeny, to support his claim.

In *Canty*, the PSR listed the defendant's prior convictions but "did not specify which of these convictions were violent felonies or serious drug offenses." 570 F.3d at 1253. The Government offered *Shepard*[7] documents to demonstrate that Petitioner had the requisite prior convictions under the ACCA. *Id.* The trial court did not make findings regarding which of the convictions qualified as violent felonies or serious drug offenses or upon which convictions it relied. *Id.* at 1254.

---

[7] In *Shepard v. United States*, 544 U.S. 13, 16 (2005), the Supreme Court found that to determine the character of a prior conviction under the ACCA, a sentencing court is limited to examining the statutory definition of the offense of the prior conviction, charging documents, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.

The Eleventh Circuit found that petitioner's convictions for carrying a concealed weapon did not qualify as violent felonies, and thus, the petitioner no longer qualified for an ACCA sentence because the Government had previously waived or disclaimed reliance on the PSR facts or any facts outside of the *Shepard* documents. *Id.* at 1256-57; *see also United States v. Maida*, 650 F. App'x 682, 685 (11th Cir. 2016) (concluding the petitioner's sentence could not be enhanced under the ACCA where the Government disclaimed reliance on a predicate conviction during the sentencing proceeding).

In the instant case, the Government did not provide the Court with a certified copy of the 2007 conviction for possession of cocaine with intent to sell in order to correct the scrivener's error regarding possession of cannabis. However, this case is distinguishable from *Canty* and *Maida*. Here, the Government did not explicitly disavow reliance on any of Petitioner's prior convictions. There was no specific discussion of the ACCA at the sentencing hearing and the defense made no objections to the application of the ACCA or to the use of any prior conviction.

Petitioner has not met his burden of demonstrating that he is entitled to resentencing. In *Beeman v. United States*, 871 F.3d 1215, 1223-25 (11th Cir. 2017), the Eleventh Circuit held that the movant in a § 2255 proceeding must show it is more likely than not that he was sentenced "solely on the residual clause." In other words, a petitioner must demonstrate that the residual clause "adversely affected the sentence he received." *Id.* at 1221. Petitioner has not met that burden because Petitioner has three qualifying ACCA convictions, and there is no indication that his sentence was imposed

9

based on the ACCA's residual clause. Accordingly, Petitioner is not entitled to relief on his claim, and it is therefore denied.

Any of Petitioner's allegations not specifically addressed herein are without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner fails to make such a showing. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of Court is directed to file a copy of this Order in criminal case number 6:06-cr-165-Orl-31GJK.

4. Petitioner is **DENIED** a certificate of appealability.

**DONE AND ORDERED** in Orlando, Florida, this 2nd day of May, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 5/2
Counsel of Record